UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-02241-SSS-SKx | Date | December 18, 2025 |
|---|---|---|---|
| Title | *Breana Penniman v. Equifax Information Services LLC* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS [DKT. NO. 10]**

Before the Court is Defendant's Motion to Dismiss filed on October 14,
2025.  [Dkt. No. 10].  The Motions are fully briefed and ripe for review.  [Dkt. No.
1, "Complaint"; Dkt. No. 10, "Motion"; Dkt. No. 12, Opposition or "Opp."; Dkt.
No. 14, Reply; Dkt. No. 18, "Sur-Reply"].

The Court **GRANTS** Defendant's Motion to Dismiss.

## I.    FACTUAL AND LEGAL BACKGROUND

The Fair Credit Reporting Act ("FCRA"), enacted in 1970, seeks to ensure
consumer reporting agencies perform their functions "in a manner which is fair and
equitable to the consumer.  15 U.S.C. § 1681(b).  Defendant Equifax Information
Services LLC ("Equifax") is a consumer reporting agency under FCRA, as it
Equifax assembles and evaluates consumer credit information and develops
consumer reports to third parties.  [Complaint ¶ 8].

On June 18, 2025, Plaintiff Breana Penniman requested a copy of her
consumer credit disclosure from Equifax.  [Complaint ¶ 9].  Equifax provided an
electronic copy of Penniman's disclosure ("the Disclosure").  [*Id.* ¶ 11].

Plaintiff alleges that the Disclosure she received from Defendant "omitted the full Account Numbers. Missing Account Information and Payment History" relating to five separate accounts in her name.  [Complaint ¶¶ 12–17].  In light of the incomplete nature of the information in the Disclosure, Plaintiff alleges Defendant failed to provide information in compliance with FCRA.  [*Id.* ¶¶ 18–20].  Plaintiff specifically argues that Defendant had a duty to disclose "all of the information regarding the accounts in [Plaintiff's] file" and breached that duty by providing an incomplete disclosure.  [*Id.* ¶¶ 21–23].  Plaintiff further alleges that the information that was not included in the Disclosure "is essential for assessing her creditworthiness."  [*Id.* ¶ 24].

Plaintiff filed suit on August 24, 2025, alleging against Defendant Equifax a single count of violating § 1681g(a)(1) of the FCRA.  [*See generally* Complaint].  On October 14, 2025, Defendant filed this Motion to Dismiss, arguing Plaintiff fails to state a claim and seeking dismissal of the entire complaint.  [*See* Motion at 4–6].

For the reasons discussed below, the Court **GRANTS** the Motion.

## II.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim is proper under Rule 12(b)(6) when a plaintiff "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).  To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In analyzing a motion to dismiss, a court must accept as true all material factual allegations and draw all reasonable inferences in the non-moving party's favor.  *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005).  A court need not accept, however, "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  When reviewing a Rule 12(b)(6) motion, a court must consider the complaint in its entirety and any attached documents, documents incorporated by reference, or matters of which a court may take judicial notice.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  If a complaint fails to state a plausible claim, a court should freely grant leave to

amend under Federal Rule of Civil Procedure 15(a)(2) even if such a request was not made, unless amendment would be futile. *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012).

## III. DISCUSSION

Section § 1681g(a)(1) requires consumer reporting agencies "clearly and accurately disclose" to consumers "[a]ll information in the consumer's file at the time of request, except that" information relating to the consumer's social security number or information concerning the consumer's credit scores, risk scores, or other predictors. § 1681g(a)(1).

For the purposes of § 1681g(a)(1), a consumer file includes all information the consumer reporting agency might furnish or has furnished in a consumer report on that customer. *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018). The FCRA also defines "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness . . . which is used or expected to be used or collected in establishing the consumer's eligibility for [credit, insurance, employment, or other purposes under § 1681b]." § 1681a(d)(1)(A)–(C).

Defendant's primary argument in the Motion is that Plaintiff's claims are not actionable under FCRA. [Motion at 4–6]. According to the Motion, "[i]nformation that does not bear on a consumer's creditworthiness is not actionable under the FCRA." [*Id.* at 5]. Defendant suggests Plaintiff's only issue with the Disclosure is the failure to "provide [her] with 'all of the information in her file at the time of her request.'" [*Id.* at 6; *see also* Reply at 2 (emphasizing that truncated account numbers do not bear on creditworthiness)].

Plaintiff asserts FCRA requires disclosure of all information, regardless on whether the information bears on creditworthiness. [Sur-Reply at 3]. The Opposition cites to cases in other judicial districts, suggesting that FCRA's disclosure requirements mandate complete disclosure of the contents of a consumer's file. [Opp. at 6 (collecting authorities)]. Plaintiff also contends that dismissal of her claim would "frustrate Congress's intent to empower consumers against incomplete disclosures." [*Id.* at 7].

Even when accepting all facts in the Complaint as true and drawing all conclusion in her favor, Plaintiff concedes that there is no creditworthiness requirement mandated by § 1681g(a)(1). [Sur-Reply at 3–5]. Based on those

arguments, it appears Plaintiff maintains that the information omitted from the Disclosure does not bear on her creditworthiness.  Conversely, Defendant's argument posits that Plaintiff cannot show that the information allegedly withheld or excluded would have been in a consumer report, and thus her consumer's file. [*See generally* Reply].

Per *Shaw*, Plaintiff's consumer file includes information that Defendant might furnish in a consumer report.  Because the statutory definitions of FCRA clarifies information in a consumer report refers to "communication of any information bearing on a consumer's credit worthiness," the Court finds that Plaintiff's claim does not state a claim upon which relief can be granted.  *See* § 1681a(d)(1).

As such, the Court **GRANTS** Defendant's Motion.  Because Plaintiff is *pro se*, the Court would ordinarily grant leave to amend.  However, because it does not appear that deficiencies relating to the omitted information could be cured by amendment, the Court **DISMISSES WITH PREJUDICE** the FCRA claim.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## IV.    CONCLUSION

Accordingly, the Court **GRANTS** Defendant's Motion.  [Dkt. No. 10].  The action is **DISMISSED WITH PREJUDICE**.

Defendant is **DIRECTED** to lodge a Proposed Judgment **on or before December 26, 2025**.  The Word version of the Proposed Judgment shall be emailed to SSS_Chambers@cacd.uscourts.gov.

**IT IS SO ORDERED.**